**Fill in this information to identify your case:**

Debtor 1: **Robert** (First Name) _____ (Middle Name) **Irby** (Last Name)

Debtor 2 (Spouse, if filing): _____ (First Name) _____ (Middle Name) _____ (Last Name)

United States Bankruptcy Court for the: **Northern** District of: **Illinois** (state)

Case number (if known): **19-16837**

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | Included | Not included |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$580.00 per month for 60 month(s)

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor 1 | **Robert** | | **Irby** | Case number | **19-16837** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.
☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
☑ Debtor(s) will treat income tax refunds as follows: On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee.

**2.4 Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $34,800.00

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Debtor 1 | **Robert** | | **Irby** | Case number | **19-16837** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a)  payment of the underlying debt determined under nonbankruptcy law, or

(b)  discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| TOYOTA MOTOR CREDIT | $7,990.00 | Toyota Sienna 2013 | $13,500.00 | | $7,990.00 | 7.00% | $70.00 | $9,493.20 |

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

| Debtor 1 | **Robert** | | **Irby** | Case number | **19-16837** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.4  Lien avoidance.**

*Check one.*
- [x] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

**3.5  Surrender of collateral.**

*Check one.*
- [x] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor 1 | **Robert** | | **Irby** | Case number | **19-16837** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 5.40% of plan payments; and during the plan term, they are estimated to total $1,879.20

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,525.00

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of
☒ 100.00% of the total amount of these claims, an estimated payment of $18,254.00
☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $18,254.00 Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

| Debtor 1 | **Robert** | | **Irby** | Case number | **19-16837** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor 1 | **Robert** | | **Irby** | Case number | **19-16837** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon.

*Check the applicable box:*

☐ plan confirmation.
☑ entry of discharge
☐ other

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

1. Commencing with the August 2020 plan payment, TOYOTA MOTOR CREDIT shall receive set payments in the amount of $545.20 per month.

2. TOYOTA MOTOR CREDIT shall receive pre-confirmation adequate protection payments in the amount of $70.00 per month.

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

✗ _____          ✗ _____
Signature of Debtor 1                              Signature of Debtor 2

Executed on _____                        Executed on _____
            MM / DD / YYYY                                      MM / DD / YYYY

✗ /s/ Sidney Dawsey                              Date    6/12/2019
Signature of Attorney for Debtor(s)                      MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $9,493.20 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $5,404.20 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $18,254.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | $33,151.40 |

```
                              United States Bankruptcy Court
                              Northern District of Illinois

In re:                                                             Case No. 19-16837-LAH
Robert Irby                                                        Chapter 13
         Debtor
                               CERTIFICATE OF NOTICE
District/off: 0752-1           User: moneal                 Page 1 of 2                  Date Rcvd: Jun 13, 2019
                               Form ID: pdf001              Total Noticed: 30


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 15, 2019.
db             +Robert Irby,    9701 S Calumet Ave,    Chicago, IL 60628-1429
27923752       +ASPIRE/ATLANTICUS,    PO BOX 105555,    ATLANTA, GA 30348-5555
27923765      ++CARMEL FINANCIAL CORPORATION INC,     ATTN ANDREA DEBONIS,    101 E CARMEL DRIVE,    SUITE 240,
                 CARMEL IN 46032-2668
               (address filed with court: CARMEL FINCL,     101 E. CARMEL DR SUITE 240,     CARMEL, IN 46032)
27923748       +CCS/FIRST NATIONAL BAN,     500 E 60TH ST N,   SIOUX FALLS, SD 57104-0478
27923755       +CITIFINANCIAL,    PO Box 6042,    Sioux Falls, SD 57117-6042
27923745       +CRDT FIRST,    POB 81315,   CLEVELAND, OH 44181-0315
27923767       +City of Chicago,    205 W Randolph # 1100,    c/o Goldman and Grant,    Chicago, IL 60606-1813
27923744       +EXXNMOBIL/CBNA,    PO BOX 6497,    SIOUX FALLS, SD 57117-6497
27923768       +Enterprise Car Rental,    5012 E. Central Texas Expy,     Killeen, TX 76543-5504
27923753       +FNCC,   500 EAST 60TH ST NORTH,     SIOUX FALLS, SD 57104-0478
27923760        FST PREMIER,    601 S Minneapolis Ave,    Sioux Falls, SD 57104
27923750       +GOODYEAR TIRE/CBNA,    PO BOX 6497,    SIOUX FALLS, SD 57117-6497
27923763        ICS COLLECTION SERV, I,     PO Box 1010,   Tinley Park, IL 60477-9110
27923747       +MERRICK BANK CORP,    One Paces West,    Suite 1400,    Atlanta, GA 30327-2734
27923762       +MIDLAND MTG,    999 Nw Grand Blvd,    Oklahoma City, OK 73118-6051
27923758       +NATIONAL AUTO FINANCE,    Po Box 96038,    Charlotte, NC 28296-0038
27923749       +SEARS/CBNA,    PO BOX 1990,    TEMPE, AZ 85280-1990
27923740        THD/CBNA,    PO BOX 6003,   HAGERSTOWN, MD 21747
27923766       +TOYOTA MOTOR CREDIT,    PO BOX 9786,    CEDAR RAPIDS, IA 52409-0004

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
27923742        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 14 2019 02:16:29
                 CAPITAL ONE BANK USA N,    PO BOX 85520,    RICHMOND, VA 23285
27923761       +E-mail/Text: bnc@bass-associates.com Jun 14 2019 02:11:59      CAPITAL ONE, N.A,
                 3936 E.Ft. Lowell Road Ste. 200,     Tucson, AZ 85712-1083
27923765        E-mail/Text: andread@carmelfinancial.com Jun 14 2019 02:11:58      CARMEL FINCL,
                 101 E. CARMEL DR SUITE 240,    CARMEL, IN 46032
27923754       +E-mail/Text: bankruptcy@connexuscu.org Jun 14 2019 02:13:59      CONNEXUS CU,    POB 8026,
                 WAUSAU, WI 54402-8026
27923743       +E-mail/PDF: creditonebknotifications@resurgent.com Jun 14 2019 02:16:58      CREDIT ONE BANK NA,
                 PO BOX 98875,    LAS VEGAS, NV 89193-8875
27923759       +E-mail/PDF: cbp@onemainfinancial.com Jun 14 2019 02:16:52      OneMain Financial,
                 605 Munn Rd E,    Fort Mill, SC 29715-8421
27923741       +E-mail/PDF: gecsedi@recoverycorp.com Jun 14 2019 02:16:26      SYNCB/CARE CREDIT,
                 C/O P.O. BOX 965036,    ORLANDO, FL 32896-0001
27923764       +E-mail/PDF: gecsedi@recoverycorp.com Jun 14 2019 02:16:26      SYNCB/CARECR,    C/O PO BOX 965036,
                 ORLANDO, FL 32896-0001
27923756       +E-mail/PDF: gecsedi@recoverycorp.com Jun 14 2019 02:16:26      SYNCB/HDHIPJ,    P.O. Box 105972,
                 Atlanta, GA 30348-5972
27923746       +E-mail/PDF: gecsedi@recoverycorp.com Jun 14 2019 02:16:26      SYNCB/JCP,    PO BOX 965007,
                 Orlando, FL 32896-5007
27923751       +E-mail/PDF: gecsedi@recoverycorp.com Jun 14 2019 02:16:27      SYNCB/WALMART,    Po Box 530927,
                 Atlanta, GA 30353-0927
27923757       +E-mail/Text: EBankruptcy@UCFS.NET Jun 14 2019 02:14:06      UNITED CONSUMER FINL S,
                 865 BASSETT RD,    WESTLAKE, OH 44145-1194
                                                                                              TOTAL: 12

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 15, 2019                         Signature:  /s/Joseph Speetjens

```
District/off: 0752-1          User: moneal              Page 2 of 2              Date Rcvd: Jun 13, 2019
                              Form ID: pdf001           Total Noticed: 30
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 12, 2019 at the address(es) listed below:
              Marilyn O Marshall    courtdocs@chi13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Sidney  Dawsey     on behalf of Debtor 1 Robert  Irby sdawsey@semradlaw.com,
               ilnb.courtview@SLFCourtview.com
                                                                                             TOTAL: 3
```